Brian W. Brokate
John Macaluso
Adam W. Sgro
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROLEX WATCH U.S.A., INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOSE GALLARRETA individually and d/b/a WWW.ROLEXTRACKER.COM, and John Does 1-10,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT** |

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex"), through its attorneys, hereby sues defendants Jose Gallarreta individually and d/b/a www.rolextracker.com, and "John Does" 1-10 (collectively "Defendants") and alleges as follows:

## STATEMENT OF THE CASE

1. This is an action for injunctive relief, statutory damages, treble damages and/or profits, compensatory damages, attorneys' fees and costs based upon claims for trademark infringement, unfair competition, dilution and cybersquatting, pursuant to 15 U.S.C. §§1114, 1125(a), (c) and (d).

2. These claims are based upon the Defendants' unauthorized use of Rolex's federally registered trademarks in association with Defendants' domain name, ecommerce

website and alleged watch-tracking services, offered through www.rolextracker.com (the "Website").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. §1121, 28 U.S.C. §§1331, 1338(a) and (b).

4. Defendants are subject to personal jurisdiction in this district, because they have directed business activities to and conduct business with consumers located within the State of New York.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because the Defendants engage in infringing activities and have caused harm within this district.

## THE PARTIES

6. Rolex is a corporation duly organized and existing under the laws of the State of New York, with an office and a principal place of business located at 665 Fifth Avenue, New York, New York, 10022.

7. Upon information and belief, Jose Gallarreta ("Gallarreta") is an individual residing at Mones Roses 6979, Montevideo, Uruguay 11500 and the registrant, owner, operator and/or controlling force of the Website.

8. The identities of "John Does" 1-10 are not currently known to Rolex, but, upon information and belief, they are associated with Gallarreta and materially contribute to his infringement of Rolex's intellectual property rights through the Website. Rolex will identify these John Does upon further investigation and, if successful in identifying them, amend its pleadings accordingly.

## FACTUAL ALLEGATIONS

### A. Rolex's Famous Products and Trademarks

9. Rolex imports, distributes, promotes and markets high end watches, watch bracelets and related products for men and women in the United States, all of which bear one or more of Rolex's federally registered trademarks.

10. Rolex owns the following federal trademark registrations issued by the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **ROLEX** | 101,819 | January 12, 1915 | Watches, clocks, parts of watches and clocks, and their cases. |
| ♛ **CROWN DEVICE** | 657,756 | January 28, 1958 | Timepieces of all kinds and parts thereof. |
| ♛ **CROWN DEVICE** | 4,458,524 | December 31, 2013 | Retail store services featuring watches, timepieces, clocks and jewelry. |

True and accurate copies of Rolex's federal trademark registrations (collectively the "Rolex Registered Trademarks") are attached as **Exhibit 1**.

11. The Rolex Registered Trademarks are arbitrary, inherently distinctive and fanciful and entitled to the highest level of protection the law provides.

12. The Rolex Registered Trademarks are valid, subsisting, in full force and effect and have become incontestable pursuant to 15 U.S.C. §1065.

13. Rolex and its predecessors have used the Rolex Registered Trademarks for nearly a century on and in connection with Rolex watches and related products. As such, ROLEX is one of the most famous marks in the world.

14. Visibility on the Internet, particularly via internet search engines, such as Google, has become increasingly important to Rolex's overall marketing efforts. Accordingly, Rolex has invested a substantial amount of money over the past decade in Internet marketing and search

engine optimization ("SEO") strategies, which include using the Rolex Registered Trademarks in its metatags to direct consumers to the www.rolex.com website.

**B. Rolex's Warranty and Repair Services and Its Stolen Watch Program**

15. Rolex's customer services are exceptional. In addition to its warranty and repair services, Rolex also offers a unique stolen watch program.

16. Each Rolex watch bears a unique serial number, which Rolex maintains on a proprietary database. Through that serial number, Rolex is able to identify the original manufacture date, the model of the watch and the Official Rolex Jeweler ("ORJ") to whom the watch was sold.

17. All new Rolex watches are sold through ORJs. When a customer purchases a new Rolex watch, the ORJ issues an official certificate with Rolex's warranty policy ("Rolex Certificate"). A true and accurate copy of the Rolex Certificate is attached as **Exhibit 2**.

18. The Rolex Certificate contains the watch style number, serial number and dial color. It also prominently displays the ROLEX and CROWN DEVICE ♛ trademarks. Consumers are encouraged to retain their Rolex Certificate in the event the watch is lost or stolen, so it can be tracked through Rolex's stolen watch program.

19. If a Rolex watch is reported as stolen, either by the consumer, an insurance agency or the police, Rolex notes it in its proprietary database.

20. Rolex's stolen watch database is extremely valuable to consumers because, if any watch previously reported as stolen is brought to Rolex for repair services, Rolex retains the watch until the discrepancy of ownership is resolved.

21. Consumers have come to and do rely upon and value the service Rolex offers through its stolen watch program.

C. **Defendants' Infringing Activities**

22. Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, reside in Uruguay or other foreign jurisdictions with lax trademark enforcement systems.

23. Upon information and belief, Defendants registered, established and/or purchased and maintain the Website.

24. Upon information and belief, Defendants have engaged in fraudulent conduct by providing false and/or misleading information, including, but not limited to, a false address in Uruguay, in connection with the domain Registrar, during the Website's registration and/or maintenance process.

25. Defendants are also advertising the Website on YouTube.

26. The Website prominently displays the CROWN DEVICE ♛ trademark as well as the ROLEX trademark with a stylized letter "O" on the top of every single web page. See **Exhibit 3**.

27. Defendants are not now, nor have they ever been, licensed, associated, affiliated, connected with, endorsed or sanctioned by Rolex to use the Rolex Registered Trademarks.

28. By using one or more of the Rolex Registered Trademarks in the domain name and on each website page, Defendants are trading on Rolex's goodwill and reputation and creating the false impression that Defendants are affiliated with Rolex.

29. Defendants are also using Rolex's famous name and trademarks to drive Internet consumer traffic to their Website.

30. As part of their overall infringement, upon information and belief, Defendants are employing SEO strategies based on the Rolex Registered Marks. By using Rolex's Registered

Trademarks throughout the Website, metatags and in the domain name itself, Defendants are making their services appear more relevant and attractive to search engines across an array of search terms.

31. Accordingly, Defendants have created and are participating in an illegal market, which operates in parallel with the legitimate marketplace for Rolex's goods and services, thereby increasing the value of the Website and decreasing the size and value of Rolex's legitimate business operations and presence on the Internet.

32. Defendants are harming Rolex and the consuming public by depriving Rolex of its right to fairly compete for space within search engine results and reducing the visibility of Rolex's genuine products and services on the Internet and causing an overall degradation of the value of the goodwill associated with the Rolex Registered Trademarks.

33. In addition to using one or more of the Rolex's Registered Trademarks in the domain name, throughout the Website and in SEO strategies, Defendants also purport to offer an alleged watch-tracking service similar to Rolex's stolen watch program.

34. For a fee of $19.99, consumers can register their Rolex watch serial number in order to "protect" their watch. Defendants' homepage states:

> At Rolextracker.com you can register your Rolex in our database, starting a record of the watch history. You can report the loss or theft of your watch and transfer the property of your Rolex to a new owner. You can also browse our database before buying a new or second hand Rolex, to check that it wasn't reported in our database as stolen or lost.

See **Exhibit 3**.

35. Rolex has no control over the nature and quality of Defendants' services.

36. In July 2018, Rolex hired an investigator to register a genuine Rolex watch serial number with the Website. After the investigator created an account on the Website, registered the serial number and paid the registration fee through PayPal, he was able to download a

"Certificate of Ownership" from the Website. A true and accurate copy of the Certificate of Ownership is attached as **Exhibit 4**.

37. Similar to the genuine Rolex Certificate, the Defendants' Certificate of Ownership prominently displays Rolex's CROWN DEVICE ♛ trademark and the ROLEX trademark with a stylized "O" as well as the watch's serial number, model and registrant's name.

38. Accordingly, consumers familiar with Rolex's stolen watch program are likely to be confused by the alleged watch-tracking service Defendants offer.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement (15 U.S.C. §1114)**

39. Rolex hereby incorporates by reference all prior allegations as though fully set forth in paragraphs 1-38 herein.

40. Rolex owns two incontestable trademark registrations for ROLEX and CROWN DEVICE ♛, which have been used for decades. As such, purchasers, the public and trade immediately associate any product, service or advertisement under one or more of the Rolex Registered Trademarks with Rolex.

41. Defendants' use of the Rolex Registered Trademarks on the Website constitutes use in commerce.

42. Defendants' activities throughout the Website create the false and misleading impression that Defendants are sanctioned, licensed or otherwise authorized by Rolex to provide the alleged watch-tracking service offered on the Website.

43. Defendants have engaged in the aforementioned activities with the specific intent to confuse and deceive the public into believing that their purported watch-tracking service is, in some way, sponsored, affiliated or associated with Rolex.

44. Defendants' use of one or more of the Rolex Registered Trademarks in the domain name and throughout the Website is and has been without Rolex's consent, is likely to cause confusion and mistake in the minds of the public and, in particular, tends to and does falsely create the impression that the services advertised, promoted, and sold by Defendants are warranted, authorized, sponsored or approved by Rolex.

45. Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

46. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Rolex.

47. Rolex has suffered and will continue to suffer irreparable injury due to the above-described activities if the Defendants are not enjoined.

**SECOND CLAIM FOR RELIEF**
**(Unfair Competition, 15 U.S.C. §1125(a))**

48. Rolex hereby incorporates by reference all prior allegations as though fully set forth in paragraphs 1-47 herein.

49. Defendants have used the Rolex Registered Trademarks in commerce by advertising, promoting, offering to sell and selling their purported watch-tracking service.

50. Defendants have used the Rolex Registered Trademarks with full knowledge of the falsity of such designations of origin, descriptions and representations to Rolex's detriment.

51. Defendants' use of one or more of the Rolex Registered Trademarks in the domain name, throughout the Website, and in connection with their alleged watch-tracking service constitutes false descriptions and representations tending falsely to describe or represent Defendants and their service as being authorized, sponsored, affiliated or associated with Rolex.

52. Defendants have used the Rolex Registered Trademarks on the Website and in connection with their services with the express intent to cause confusion and mistake, deceive and mislead the public, trade upon Rolex's reputation and improperly appropriate, to themselves, Rolex's valuable trademark rights

53. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Rolex.

54. Rolex has suffered and will continue to suffer irreparable injury due to the above-described activities if the Defendants are not enjoined.

**THIRD CLAIM FOR RELIEF**
**(Federal Trademark Dilution, 15 U.S.C. §1125(c))**

55. Rolex hereby incorporates by reference all prior allegations as though fully set forth in paragraphs 1-54 herein.

56. The ROLEX trademark is famous.

57. Defendants' use of the ROLEX trademark began long after Rolex's mark became famous.

58. Defendants' use of the ROLEX trademark to advertise their unauthorized and alleged watch-tracking service causes dilution by blurring the distinctive quality of the ROLEX trademark.

59. Rolex is suffering and will continue to suffer irreparable harm from the Defendants' activities.

60. Defendants' acts dilute the distinctive quality of the Rolex Registered Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

61. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Rolex.

62. Rolex has suffered and will continue to suffer irreparable injury due to the above-described activities if the Defendants are not enjoined.

**FOURTH CLAIM FOR RELIEF**
**(Cybersquatting, 15 U.S.C. §1125(d))**

63. Rolex hereby incorporates by reference all prior allegations as though fully set forth in paragraphs 1-62 herein.

64. Upon information and belief, Defendants have acted with the bad faith intent to profit from the Rolex Registered Trademarks and the goodwill associated with them by registering and using the www.rolextracker.com domain name.

65. The Rolex Registered Trademarks were distinctive and famous at the time the Defendants registered the www.rolextracker.com domain name.

66. The www.rolextracker.com domain name is identical to, confusingly similar to and dilutive of the ROLEX trademark.

67. The Defendants' actions constitute cybersquatting in violation of §43(d) of the Lanham Act, 15. U.S.C. §1125(d).

68. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Rolex.

69. Rolex has suffered and will continue to suffer irreparable injury due to the above-described activities if the Defendants are not enjoined.

## PRAYER FOR RELIEF

**WHEREFORE**, Rolex respectfully requests that the Court order the following relief:

I. Entering an injunction ordering Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

(a) using any reproduction, copy, or colorable imitation of the Rolex Registered Trademarks to identify any services not authorized by Rolex;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation and goodwill;

(c) using a false description or representation including words or other symbols tending to falsely describe or represent themselves or their unauthorized services as Rolex's or sponsored by or associated with Rolex and from offering such services in commerce;

(d) further infringing or diluting the Rolex Registered Trademarks by distributing, circulating, selling, marketing, offering for sale, advertising, promoting or displaying any services not authorized by Rolex under the Rolex Registered Trademarks;

(e) using any simulation, reproduction, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, circulation or distribution of any unauthorized services in such fashion as to relate or connect, or tend to relate or connect, such services in any way to Rolex, or to any services sponsored or approved by, or connected with Rolex;

(f) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, distributed, sold or offered for sale by Defendants are in any way associated or connected with Rolex, or are provided, sold, licensed, sponsored, approved or authorized by Rolex;

(g) engaging in any conduct constituting an infringement of any of the Rolex Registered Trademarks, of Rolex's rights in, or to use or to exploit, said trademark, or constituting any weakening of Rolex's name, reputation and goodwill;

(h) using or continuing to use one or more of the Rolex Registered Trademarks in any variation thereof on the Internet (either on YouTube, in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any services not directly authorized by Rolex;

(i) hosting or acting as Internet Service Provider for, or operating or engaging in the business of selling any website or other enterprise that offers for sale any products or services bearing the Rolex Registered Trademarks;

(j) acquiring, registering, maintaining or controlling any domain names that include the ROLEX trademark or any of the other Rolex Registered Trademarks or any marks confusingly similar thereto, activating any website under said domain names, or selling, transferring, conveying, or assigning any such domain names to any entity other than Rolex;

(k) using any e-mail addresses to offer for sale any services under the Rolex Registered Trademarks;

(l) having any connection whatsoever with any websites that offer for sale any service under the Rolex Registered Trademarks; and

(m) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (l).

II. That Defendants, within ten (10) days of judgment, take all steps necessary to remove from all websites owned, operated or controlled by the Defendants, all text or other media offering for sale any services using the Rolex Registered Trademarks, or marks substantially indistinguishable therefrom.

III. That Defendants, within ten (10) days of judgement, transfer the www.rolextracker.com domain name to Rolex.

IV. That Defendants, within thirty (30) days of judgment, file and serve Rolex with a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a)

V. That Defendants be required to deliver up for destruction to Rolex all unauthorized materials bearing any of the Rolex Registered Trademarks in association with unauthorized services pursuant to 15 U.S.C. § 1118..

VI. That Defendants not operate nor use any websites that offer for sale and/or sell any merchandise or services bearing infringements of the Rolex Registered Trademarks

VII. Requiring Defendants to pay to Rolex such damages Rolex has sustained as a consequence of their willful infringement of the Rolex Registered Trademarks and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing services offered under the Rolex Registered Trademarks, and that the award to Rolex be trebled as provided for under 15 U.S.C. § 1117.

VIII. Ordering that Rolex recover the costs of this action, together with reasonable attorneys' and investigator fees in accordance with 15 U.S.C. § 1117.

IX. Directing that this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

X. Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Rolex.

XI. Awarding to Rolex such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Rolex has incurred in connection with this action.

**GIBNEY, ANTHONY & FLAHERTY LLP**

Dated: November 29, 2018

By: [signature]

Brian W. Brokate
John Macaluso
Adam W. Sgro
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorney for Plaintiff