**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROLEX WATCH U.S.A., INC.,<br><br>        Plaintiff,<br><br>v.<br><br>JOSE GALLARRETA individually and d/b/a WWW.ROLEXTRACKER.COM, and John Does 1-10,<br><br>        Defendants. | CASE NO. 18-cv-11138 (JMF)<br><br>~~[PROPOSED]~~ **DEFAULT JUDGMENT AGAINST DEFENDANT JOSE GALLARRETA, INDIVIDUALLY AND D/B/A WWW.ROLEXTRACKER.COM** |

**THIS CAUSE** comes before the Court upon Plaintiff Rolex Watch U.S.A., Inc.'s ("Plaintiff" or "Rolex") Motion to Strike Defendant's Answer for Entry of Final Default Judgment Against Defendant Jose Gallarreta, individually and d/b/a www.rolextracker.com, (the "Defendant") (DE 68) (the "Motion"). Based on the Court's review of the Motion and supporting evidence, it is hereby **ORDERED, ADJUDGED AND DECREED**, that the Court **GRANTS** the Motion, **STRIKES** Defendant's Answer filed on June 28, 2019 (Docket No. 44) and enters a **FINAL DEFAULT JUDGMENT** in favor of Plaintiff and against the Defendant as follows:

    1.    This Court has jurisdiction over the subject matter of this action.

    2.    Venue is proper in the Southern District of New York.

    3.    Defendant is subject to the jurisdiction of this Court pursuant to and in accordance with the laws of the State of New York, the United States Constitution, and Rule 4 of the Federal Rules of Civil Procedure.

    4.    Rolex is, and at all times relevant hereto has been, the owner of all rights in and to the following trademarks federally registered with the U.S. Patent and Trademark Office (collectively, the "Rolex Marks"):

1

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **ROLEX** | 101,819 | January 12, 1915 | Watches, clocks, parts of watches and clocks, and their cases. |
| **ROLEX** | 8,5926,145 | December 31, 2013 | Retail store services featuring watches, timepieces, clocks and jewelry. |
| ♛ **CROWN DEVICE** | 657,756 | January 28, 1958 | Timepieces of all kinds and parts thereof. |
| ♛ **CROWN DEVICE** | 4,458,524 | December 31, 2013 | Retail store services featuring watches, timepieces, clocks and jewelry. |

5. Rolex filed this action on November 29, 2018.

6. An examination of the Court's files and records in this case shows that on February 25, 2019, Defendant was served with the Summons and Complaint in this action in accordance with this Court's February 25, 2019 Order Authorizing Alternate Service of Process on Defendant Jose Gallarreta by Electronic Means, with proof of service filed on February 26, 2019.

7. On March 29, 2019, a default was entered by the Clerk of the Court against Defendant and Plaintiff filed its first motion for default judgment on April 12, 2019 (the "First Default Motion").

8. Subsequently, Defendant retained counsel and the Plaintiff withdrew its First Default Motion.

9. Defendant filed his Answer to the Complaint on June 28, 2019.

10. After the August 1, 2019 Initial Pretrial Conference and during the discovery period, on August 23, 2019 Defendant's counsel, Ellenoff Grossman & Schole LLP, filed a motion to withdraw as attorneys for Defendant.

11. On August 29, 2019, Plaintiff filed a consented motion to amend its complaint.

12. The Court granted the motion to amend the Complaint on August 30, 2019 and ordered "…that Defendant's deadline to file an amended answer is stayed, in light of counsel's pending motion to withdraw, to two weeks after new defense counsel enters an appearance or Defendant is deemed to be proceeding pro se."

13. On September 3, 2019, Plaintiff filed its First Amended Complaint.

14. On September 6, 2019, the Court granted Ellenoff Grossman & Schole LLP's motion to withdraw, and provided that Defendant was required to within 30 days of being served with that Order "…either retain new counsel and have them file a notice of appearance or inform the Court that he will be proceeding pro se" in this action. The Order also warned that "[i]f Mr. Gallarreta fails to do one of those two things, the Court may strike the answer on the ground that Mr. Gallarreta is deemed not to be defending the lawsuit any longer."

15. Plaintiff served Defendant with a copy of that Order on September 6, 2019.

16. Defendant has failed to comply with the Court's September 6, 2019 Order, as over 30 days have passed and he has not obtained new counsel who has filed a notice of appearance nor has he informed the Court that he will be proceeding pro se in this matter.

17. Defendant's non-compliance with the September 6, 2019 Order is willful.

18. As a result of Defendant's willful non-compliance, the Court strikes Defendant's Answer (Docket No. 44). Thus, Defendant has default in this action and is deemed to have admitted the allegations contained in Rolex's First Amended Complaint.

19. Thus, the Court finds that Defendant is liable to Rolex on all Counts of the First Amended Complaint. Therefore, Defendant is liable to Rolex for willful federal trademark infringement pursuant to 15 U.S.C. § 1114 (Count I), federal false designation of origin pursuant

to 15 U.S.C. §1125(a) (Count II), federal trademark dilution pursuant to 15 U.S.C. §1125(c) (Count III), and cybersquatting pursuant to 15 U.S.C. § 1125(d) (Count IV).

**Permanent Injunctive Relief:**

20. As a result of Defendant's unlawful conduct, Rolex is entitled to the entry of a permanent injunction against Defendant.

21. Accordingly, Defendant and any agents, representatives, employees and all persons acting in concert and participation with Defendant are hereby permanently restrained and enjoined from:

   a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell Defendant's goods or services bearing Plaintiff's trademarks or in connection with Plaintiff's trademarks, or any confusingly similar trademarks to the Rolex Marks;

   b. engaging in any activity that infringes Plaintiff's rights in its Rolex Marks or other trademarks owned by Plaintiff;

   c. engaging in any activity constituting unfair competition with Plaintiff;

   d. engaging in any activity that is likely to dilute the distinctiveness of the Rolex Marks or other trademarks owned by Plaintiff;

   e. using the Rolex Marks in connection with the sale of any unauthorized goods or services;

   f. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant offered for sale or sold via the internet websites operating under the domain name rolextracker.com and/or any other

Internet website, domain name, or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

g. falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

h. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant offered for sale or sold via rolextracker.com and/or any other Internet website, domain name, or business, are in any way endorsed by, approved by, and/or associated with Plaintiff;

i. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating any of the Rolex Marks or any other mark that infringes or is likely to be confused with Plaintiff's marks, or any goods or services of Plaintiff, or Plaintiff as their source

j. using any infringement of the Rolex Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant via the rolextracker.com domain name, and/or any other Internet website, domain name, or business;

k. using the Rolex Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms which are visible to a

computer user or serves to direct computer searches to websites registered, owned, or operated by Defendant, including the rolextracker.com website;

l. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above; and

m. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraph 21(a) through paragraph 21(l).

**<u>Additional Equitable Relief</u>:**

22. In order to give practical effect to the Permanent Injunction, the rolextracker.com domain is hereby ordered to be immediately transferred by Defendant, its assignees and/or successors in interest or title, and by the Registrar, currently GoDaddy.com, LLC, and any subsequent Registrar, to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiff's control within five (5) days of receipt of this judgment, the Registries shall, within thirty (30) days, change the Registrar of Record for the rolextracker.com domain to a Registrar of Plaintiff's choosing, and that Registrar shall transfer the rolextracker.com domain to Plaintiff.

23. Defendant, its agent(s) or assign(s), shall assign all rights, title, and interest, to the rolextracker.com domain to Plaintiff and, if within five (5) days of receipt of this Order, Defendant fails to make such an assignment, the Court shall order the act to be done by another person appointed by the Court at Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

24. Upon Plaintiff's request, the top level domain (TLD) Registry for the rolextracker.com domain, or its administrators, including backend registry operators or

administrators, within thirty (30) days of receipt of this Order, shall place the rolextracker.com domain on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registry which link the rolextracker.com domain to the IP addresses where the associated websites are hosted;

25. Upon Plaintiff's request, the hosting provider for the website located at the rolextracker.com domain, currently Privatesystems Networks, and any subsequent hosting provider, within ten (10) days of receipt of this Order, shall remove the website from its servers or otherwise cease making the website accessible;

26. Upon Plaintiff's request, any third party advertising the rolextracker.com website, including but not limited to by advertising the website on youtube.com at the link https://www.youtube.com/watch?v=esP8k3QyLgw, other social media websites, or via search engine optimization, within ten (10) days of receipt of this Order, shall cease such advertising and remove such advertisement of the rolextracker.com website.

The Court retains jurisdiction to enforce this Final Default Judgment and Permanent Injunction.

SO ORDERED.

Plaintiff is directed to serve a copy of this Order on Defendant Jose Gallarreta within one business day of the date of this Order in accordance with the Court's prior Order at ECF No. 61, and file proof of such service on the docket within two business days of service. The Clerk of Court is directed to terminate ECF No. 68.

Dated: November 26, 2019
New York, New York

_____
Jesse M. Furman
United States District Judge